# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE FREEMAN,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| v. | : | NO. 11-2408 |
| | : | |
| **ALLENTOWN SCHOOL DISTRICT,** | : | |
| Defendant | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                                    April    27, 2011

Before the Court is the application to proceed *in forma pauperis* filed by plaintiff Denise Freeman and a copy of her complaint against the Allentown School District, the only named defendant in this action. For the reasons set forth below, the application to proceed *in forma pauperis* will be granted solely for the purpose of filing her complaint. Her complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915.

### I.  BACKGROUND

In her application for permission to proceed *in forma pauperis*, Ms. Freeman asserts that her total income per month is $200, which she receives for babysitting her granddaughter, that she has no assets of any kind, and that she has expenses of $55 per month for rent or home mortgage payments and $65 per month for utilities. She asserts that she is seeking employment.

Attached to her application to proceed *in forma pauperis*, Ms. Freeman has filed a two page complaint in which the only statute cited is "USC 1221-1." She files her complaint on behalf of her daughter, Shanice Freeman, an eighteen year old student attending Dieruff High School. Her allegations are somewhat vague, but it appears that Ms. Freeman's claims are based on Dieruff High School's (1) failure to provide Shanice "the support she needed" in an Honors

Algebra 3 class and allowing her to enroll in the class "two weeks after it started;" (2) requiring Shanice to take a test in the class for which she was not prepared and without first giving her help; (3) failure to provide Shanice with additional tutoring in the class to ensure that she received a better grade. She claims that the teachers at Dieruff High School had bad attitudes, that she has had problems with the teachers before, and that one particular teacher ignored Shanice in class and refused to allow her to see her past test papers. Ms. Freeman appears to assert as the basis of a claim for relief the fact that Shanice's bad grade in Algebra 3 will negatively affect her chance of attending a college of her choosing.

## II.     DISCUSSION

A court must engage in a two-step inquiry when evaluating a request to proceed *in forma pauperis*. First, it must evaluate a litigant's financial status and determine whether she is eligible to proceed *in forma pauperis* under § 1915(a), which provides that a court may authorize the commencement of a suit without prepayment of fees if a person affirms that she is unable to pay such fees. See 28 U.S.C. § 1915(a)(1). Next, it must assess the complaint under § 1915(e), which provides, in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir. 1990).

A.  **Application to Proceed *In Forma Pauperis***

Ms. Freeman's application to proceed *in forma pauperis* contains scant information, but is sufficient to demonstrate that, because her total monthly income minus her expenses is less than the cost to file suit in this court, her application should be granted solely for the purpose of filing her complaint.

B.  **Screening of the Complaint**

Ms. Freeman's complaint does not contain allegations sufficient to withstand the screening required by § 1915(e). It is, on its face, frivolous. Frivolous claims include those "based on an indisputably meritless legal theory." Roman, 904 F.2d at 194 (citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Within the category of claims based on a meritless legal theory are those "in which it is readily apparent that the plaintiff's complaint lacks an arguable basis in law[.]" Id. (internal citation omitted).

The only statute arguably cited in plaintiff's complaint is 20 U.S.C. § 1221-1, which provides as follows:

> Recognizing that the Nation's economic, political, and social security require a well-educated citizenry, the Congress (1) reaffirms, as a matter of high priority, the Nation's goal of equal educational opportunity, and (2) declares it to be the policy of the United States of America that every citizen is entitled to an education to meet his or her full potential without financial barriers.

20 U.S.C. § 1221-1. I can find nothing indicating that this Congressional expression of educational purpose carries with it a private right of action.

Even accepting the allegations in her complaint as true, Ms. Freeman fails to state a claim

upon which relief may be granted. She alleges that officials at Dieruff High School did not provide adequate additional support to her daughter in class to ensure that her daughter received a good grade. She does not allege discrimination on the basis of disability, race, gender, or any other characteristic and she does not allege that Shanice required special education on the basis of some disability. She alleges vaguely that the school did not provide Shanice with adequate tutoring or let her re-take tests she missed. These factual allegations fail to state a claim for relief.

**III.   CONCLUSION**

For the foregoing reasons, the plaintiff's application to proceed *in forma pauperis* will be granted solely for the purpose of filing her complaint. Her complaint will be dismissed pursuant to § 1915(e)(2)(B). Because Ms. Freeman's allegations are frivolous and fail to state a claim upon which relief may be granted, and her complaint cannot be amended to cure these deficiencies, dismissal will be with prejudice.